UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Paul Benjamin Goist, | ) C/A No. 9:17-434-RMG-BM |
|---|---|
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| B.J. Meeks, *Warden, FCI Williamsburg*, | ) |
| Respondent. | ) |

The pro se Petitioner, Paul Benjamin Goist, brings this application for writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2241. Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case pursuant to the procedural provisions of the Rules Governing Section 2254 Proceedings in the United States District Court,[1] 28 U.S.C. § 2254; the Anti–Terrorism and Effective Death Penalty Act (AEDPA) of 1996; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow for the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However,

---

[1] See Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts [the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254].



even when considered under this less stringent standard, for the reasons set forth hereinbelow the petition submitted in the instant case is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## Discussion

Petitioner, an inmate at FCI-Williamsburg, challenges his career offender sentence enhancement. Petition, ECF No. 1 at 4, 20. After a jury trial, Petitioner was convicted on June 1, 2001, in the Northern District of Ohio, of two counts of unarmed robbery in violation of 18 U.S.C.A. § 2113(a). On October 18, 2001, he was sentenced to twenty years' imprisonment and three years' supervised release. See United States v. Goist, No. CV4:03-1048 (N.D.Ohio);[2] see also Goist v. Vasquez, No. Civ.A. CV205-074, 2005 WL 2259709, at *1 (S.D.Ga. Sept. 16, 2005), adopted by 2005 WL 2406152 (S.D. Ga. Sept. 29, 2005); ECF No. 1 at 1. The district court found that Petitioner met the conditions for a career offender sentence enhancement under § 4B1.1 of the United States Sentencing Guidelines, and enhanced Petitioner's guidelines offense level from 24 to 32 and brought his criminal history category from IV to VI, which raised his guidelines range from

---

[2]The Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)(noting that courts may take judicial notice of governmental websites including other courts' records); Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008) (noting that some courts have found postings on government web sites as inherently authentic or self-authenticating).



2

77 to 96 months of imprisonment to 210 to 262. See In re Goist, No. 15-3723 (6th Cir. Jan. 28, 2016) [a copy of this opinion is contained in the record at ECF No. 1-1 at 7-9].

Petitioner appealed, and the Sixth Circuit Court of Appeals affirmed his conviction and sentence on March 7, 2003. United States v. Goist, 59 F. App'x 757 (6th Cir. 2003). Petitioner then filed a motion in the Northern District of Ohio on May 29, 2003, to vacate his sentence pursuant to 28 U.S.C.A. § 2255. This motion was denied on December 30, 2003. Petitioner filed a notice of appeal with the Sixth Circuit on January 15, 2004, and that court denied him a certificate of appealability on November 29, 2004. See Goist v. Vasquez, 2005 WL 2259709, at *1.

In his § 2241 Petition filed in this Court, Petitioner contends that he is "actually, factually and legally innocent of the career offender provisions of the United States Sentencing Guidelines..." ECF No. 1 at 20. However, this action is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255," not through a Petition filed pursuant to § 2241. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); Ennis v. Olsen, 238 F.3d 411 (4th Cir. 2000). Although Petitioner has been unsuccessful in seeking relief under § 2255, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely



3

because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n. 5.

The Fourth Circuit has announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." Id. at 333 n. 3. However, the Petitioner here has not alleged that the conduct for which he was convicted has been deemed non-criminal by any substantive law change. Rather, Petitioner asserts that the sentencing court improperly enhanced his sentence as a career offender. See ECF No. 1 at 4, 20. The United States Court of Appeals for the Fourth Circuit has not, however, extended the reach of the savings clause to petitions which challenge only a sentence. United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) [challenge to sentencing factor is not cognizable under § 2241]. Accordingly, Petitioner fails to state a cognizable § 2241 claim as to his argument concerning his sentence. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010)[holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"]; see also Darden v. Stephens, 426 F. App'x



4

173, 174 (4th Cir. 2011)[refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender].

As part of his argument, Petitioner states that he "was sentenced under the mandatory regime of the sentencing guidelines and he is actually innocent of career offender applications in light of Johnson v. United States and his 2255 is inadequate and ineffective to test the legality of his detention." ECF No. 1 at 4. Petitioner appears to be referring to the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015)[declaring the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), unconstitutionally vague]. However, Petitioner has not asserted, nor is there any indication, that he was sentenced pursuant to the ACCA. While he may be arguing that the *reasoning* of Johnson should apply to his case,[3] the undersigned is constrained to note that in an application Petitioner filed in the Court of Appeals for the Sixth Circuit for authorization to file a second or successive § 2255 motion, he already asserted that his sentence enhancement for being a career offender was made unconstitutional by Johnson, but the Sixth Circuit denied Petitioner's application, finding that Petitioner "qualified for the career offender sentence enhancement not under the residual clause of § 4B1.2(a)(2), but under the element clause of § 4B1.2(a)(1), which was unaffected by *Johnson*" such that Petitioner did not make a prima facie showing under § 2255(h). ECF No. 1-1 at 9.

To the extent that Petitioner is contending, through the filing of this action, that the Sixth Circuit Court of Appeals improperly denied his application to file a second or subsequent §

---

[3]Under the force clause of the ACCA, a violent felony includes "any crime punishable by imprisonment for a term exceeding one year ... [that] has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924 (e) (2) (B) (i). Petitioner may be arguing that Johnson applies to his sentence enhancement because the force clause contained in § 4B1.2 of the Guidelines tracks the language of the force clause in the ACCA.



5

2255 motion, any appeal of such decision is to the Supreme Court of the United States, not this court. Moreover, even if Petitioner could show that his sentence was enhanced under § 4B1.2's residual clause, and not under the element clause, his argument pursuant to Johnson would still fail, as the United States Supreme Court recently determined that its decision in Johnson does not extend to the Sentencing Guidelines. See Beckles v. United States, 137 S. Ct. 886, 891–92 (2017). The Supreme Court stated:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

Id. at 892. Thus, Petitioner cannot rely upon Johnson to challenge the use of his prior convictions as predicate offenses for purposes of the career offender enhancement.

## RECOMMENDATION

Accordingly, it is recommended that the Petition in this action be dismissed without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

May 10, 2017
Charleston, South Carolina

6



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).